EASTERN DIST.
February, 1836.

SUMMERS
vs.
BAUMGARD.

An appeal from an order sustaining the opposition of the attorney of absent creditors, to the fairness and honesty of the surrender of his property by the insolvent, on a charge of fraud, will be dismissed, as a case not appealable.
</div>

---

## SUMMERS vs. BAUMGARD.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a case of wanton and illegal arrest of plaintiff's horse and dray, and illegal detention of them without cause by the defendant, it evinces such an obstinate determination to take justice into his own hands, as will authorise a jury to inflict damages in the shape of smart money.

This is an action to recover a horse and dray, and four boxes and a basket of porter and ale, which the plaintiff alleges the defendant illegally and wrongfully took from him, and refuses to deliver up, although amicably requested. He prays judgment for the delivery of said property, and one thousand dollars in damages, for the illegal detention thereof.

21

The defendant denied the illegal taking and detention of the property claimed in the petition; but avers he found it in possession of a runaway apprentice, and arrested him and took the property into his possession, as he had a right to do. That he was ignorant whose property it was, and that no amicable demand was made of any damages, as alleged in the petition. He further avers, that he is entitled to five hundred dollars from the plaintiff for harboring and employing his indented apprentice, by reason of which he lost his services as an apprentice to the baking business, and many of his customers; he being a baker and bread merchant. He claims this sum in reconvention.

Upon these pleadings, the cause was submitted to a jury, who after hearing the evidence adduced by the parties, returned a verdict for the plaintiff, of three hundred dollars in damages, and that the dray, harness, and boxes of porter and ale be delivered up. From judgment rendered thereon, the plaintiff appealed.

*Roselius* and *M'Millen*, for the plaintiff.

*M'Kinney*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff, who alleges himself to be a porter, ale and beer merchant, instituted the present suit to recover of the defendant, damages for the illegal arrest of his horse and dray, with sundry boxes and a basket containing a quantity of porter and ale, and for the wrongful detention of the same, and the consequent loss of custom and customers in his trade. The defendant attempted to justify the taking, by the fact that the horse and dray were found in possession of his runaway apprentice, and he demands damages in reconvention against the plaintiff for harboring him, and for the consequent loss of his custom as a baker and bread merchant. He alleges, at the same time, that when he arrested his apprentice, he did not know to whom the horse and dray belonged.

The issue thus made up, was submitted to a jury, who awarded three hundred dollars to the plaintiff, and the defendant appealed.

The parties have not thought proper to furnish us with any arguments on either side, and after a careful examination of the evidence, we are quite at a loss to conceive on what the appellant could have founded any hope of relief from this court. The necessity of seizing the horse and dray in the first instance, in order to get possession of his truant apprentice boy, is not very obvious; but the detention of them after repeated demands, and the offer on the part of the plaintiff to give him ample security to make good any damage for which he might be justly liable, evince such an obstinate determination on the part of the defendant to take justice into his own hands, as fully authorised the jury to make him pay something in the shape of smart money. There is not a tittle of evidence in support of the pretended claim of the defendant against the plaintiff in reconvention. Among the items in the account which he insisted should be paid before he would give up the property, is one of five dollars as a reward for taking up his own apprentice; and another of fifteen dollars for serving his customers.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
February, 1836.

CURELL ET AL.
vs.
MISSISSIPPI MARINE AND FIRE INS. CO.

In a case of wanton and illegal arrest of plaintiff's horse and dray, and illegal detention of them, without cause, by the defendant, it evinces such an obstinate determination to take justice into his own hands, as will authorise a jury to inflict damages in the shape of smart money.