## BAILEY *v.* SIMS.

An appeal must be dismissed, where the judgment from which it was taken was not final, nor such a one as could cause an irreparable injury.

APPEAL from the District Court of Carroll, *Copley*, J. *Thomas, Snyder,* and *Dupuy*, for the plaintiff. *Short* and *Sparrow*, for the appellant. The judgment of the court was pronounced by

KING, J. In 1844, the present plaintiff, *Bailey*, confessed two judgments in favor of *Sims*. Large payments were made on account, which were imputed by the creditors to the entire extinction of one of the judgments and the partial extinction of the other. Under the judgment which was only partially satisfied, *Sims* issued, in 1847, a *fieri facias* for the unpaid residue, in virtue of which, a seizure was made; *Bailey*, thereupon, instituted this suit to enjoin the execution of the writ, and to annul the two judgments. He alleges that he was induced to confess the judgments by the fraudulent representations of the defendant; that one of the judgments was rendered for $150 more than was claimed in the petition; and that he has paid the defendant $1800, in a draft on account of both judgments, for which no credit has been allowed; and finally, that the seizure of the sheriff was excessive. The defendant *Sims* opposed to the action of nullity the plea of *res judicata*, and the prescription of one year. He denied that the plaintiff was entitled to any other credits than those which had been allowed, and prayed for a dissolution of the injunction, with damages. A third party intervened in the suit, claiming to be the owner of a part of the

<div style="margin-left">
BAILEY<br>
v.<br>
SIMS.
</div>

land seized by the sheriff, and prayed that the sheriff should be enjoined from selling the property of which he claimed to be the owner, and for damages for the wrongful seizure.

The intervention was answered by the defendant, who immediately claimed a trial, the cause having been previously fixed. The plaintiff, however, insisted on time to answer the intervention, which was accorded to him, and the cause was thereupon continued. Previously to the filing of the answer to the intervention the judge had pronounced upon the peremptory exceptions pleaded by the defendant against the action of nullity, sustaining both, but reserving for further investigation, and future decision, the questions in relation to the alleged payment of $1800 by a draft, and the excess of $150 in one of the judgments confessed over the amount claimed in that suit. Those questions being left open, the injunction was not dissolved. The judgment upon the exceptions was signed by the judge. The defendant has treated it as a final judgment, and appealed. He prays that the injunction be dissolved with damages. The plaintiff asks for the dismissal of the appeal.

The defendant contends that, the two peremptory exceptions, which were decided in his favor, determined the whole matters at issue between the parties, that there has been a final judgment, and that the injunction should have been dissolved.

The whole proceedings show that that the judge, as well as the parties, considered the decision upon the peremptory exceptions of prescription and *res judicata* as a preliminary or interlocutory decree. This appears from the facts, that it was rendered before the day fixed for the trial of the cause; that, after it was rendered, the defendant filed an answer to the intervention, and insisted upon proceeding to trial; and that the judge, considering that the cause was not fully at issue between all the parties, granted time to the plaintiff to answer the intervention, and continued the cause. The judge evidently intended to decide, and in reality only decided upon one branch of the case, to wit, the action of nullity, leaving two of the grounds upon which the injunction was claimed untouched, and expressly reserving them for future investigation. One of these grounds at least, that setting up a payment of $1800, was not covered by either of the exceptions sustained, as far as appears from the record now before us; and if the allegations of the plaintiff in relation to it, should, upon the final hearing, be sustained by proofs, they will entitle him to a perpetuation of the injunction to that extent.

The judgment appealed from is not final, nor is it an interlocutory decree which may cause the appellant an irreparable injury.

<div style="text-align: right">*Appeal dismissed.*</div>