CITY OF NEW ORLEANS *v.* J. L. IMLEY.

Where an appeal is taken from an interlocutory order and it neither appears that the matter in dispute exceeds $300, nor is alleged that the order appealed from will work an irreparable injury, the court will *ex officio* dismiss the appeal, although the appellee has not moved for the dismissal.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
F. C. *Laville* and C. *Morell,* for plaintiff. J. *Van Dalson,* for defendant and appellant.

MERRICK, C. J. Although no motion has been filed to dismiss the appeal in this case, and the counsel for the appellee cannot be heard on this question, we think the appeal should be dismissed *ex officio.*

The suit was commenced by a writ of provisional seizure under section 103 of the Act of 1856, relative to the city of New Orleans. The defendant having taken a rule upon the plaintiff to show cause why the writ of provisional seizure should not be set aside, has appealed from the order refusing to set aside the writ. There is nothing to show that the property seized is worth $300, and the defendant has not even alleged that the order refusing to set aside the repeal will work him irreparable injury. It will be time to consider the interlocutory orders when the cause shall come regularly before us on appeal from a decree on the merits, should such decree be adverse to the defendant. See case of *Plique* v. *Bellome,* 2 Ann. 293.

It is, therefore, ordered that the appeal in this case be dismissed, without prejudice to the rights of the appellant on any subsequent appeal from any decree on the merits. And, it is further ordered that the appellant pay the costs of the appeal.