SAMUEL STEWART *v.* THOMAS B. HARPER.

Objections to the ruling of the Judge *a quo* cannot be made on appeal, if not made in the Court below, and excepted thereto.

When the debt, which the defendant offers in compensation of that which the plaintiff claims, is of a less amount than the one demanded, compensation only takes place for that amount, and judgment must be given in favor of the plaintiff for the surplus; the defendant must pay the costs, unless he shows that he has made a real tender of such overplus, at the time and in the manner provided by law. C. P. 369; C. C. 2203.

Compensation is of three kinds; legal or by operation of law; compensation by way of exception; and by reconvention.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. J. R. *Jones*, for plaintiff. A. *Hennen*, for defendant and appellant.

LAND, J. This suit is on a promissory note for $959 80, subject to two small credits admitted by the plaintiff in his petition.

The defendant's answer is a general denial joined with the plea of payment and two separate reconventional demands; one for the balance of an account after allowing the plaintiff credit for the amount of the note sued on; and the other for damages for the alleged non-execution of an act of sale of a slave by the plaintiff to the defendant.

The judgment of the lower court was in favor of the plaintiff for the sum of $138 47 with interest, and the defendant has appealed.

It is contended in this court that the Judge *a quo* erred in striking out a part of the answer of the defendant to interrogatories on facts and articles propounded by the plaintiff, which part of the answers was to the effect that the note in suit had been paid in full by the defendant.

It does not appear that the defendant objected to the ruling of the Judge in the court below, and it is too late to make such objection for the first time on appeal in this court. If the defendant intended to object to the ruling of the Judge, ordering a part of the answers to be stricken out, he should have done so at the time and made his objection appear on the face of the record by a bill of exceptions.

It is further contended that the judgment is erroneous and must be reversed, because it did not pass expressly on the defendant's reconventional demands. The account pleaded in reconvention was intended to compensate the note, and the defendant prayed for a judgment against the plaintiff for the alleged balance. The District Judge considered the reconventional demand as a plea in compensation, as it had been pleaded, and after allowing the defendant all the items of the account proved, which amounted to less than the sum due on the note, rendered judgment in favor of the plaintiff for the surplus. This was a final disposition of the claim in reconvention considered as a plea in compensation, and the judgment was in pursuance of Article 369 of the Code of Practice, which declares that when the debt, which the defendant offers in compensation of that which the plaintiff claims, is of a less amount than the one demanded, compensation only takes place for that amount, and judgment must be given in favor of the plaintiff for the surplus. Compensation is of three kinds, legal or by operation of law; compensation by way of exception; and by reconvention; and a judgment for the surplus in favor of the plaintiff, when his claim exceeds that of the defendant, is all that is required.

STEWART
v.
HARPER.

As to the claim for damages for not passing the act of sale, which was likewise pleaded in reconvention, it is only necessary to observe, that the defendant discontinued his demand for the damages in the court below, before the case had been tried and the judgment had been rendered from which he prosecutes this appeal.

We have discovered no error in the judgment to the prejudice of the defendant.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.