(79 South. 830)

No. 23081.

### J. J. STOVALL & SONS, Limited, v. HUBIER.

#### In re HUBIER.

(June 29, 1918. Rehearing Denied Nov. 4, 1918.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR &#9901;&#8212;195, 544(1) — DISMISSAL OF SUPPLEMENTAL PETITION — REVIEW.

A supplemental petition, which has been dismissed on an exception of want of jurisdiction filed by the defendant, is not subject to review and consideration by the appellate court, where no objection was made to the ruling of the district court thereon, or a bill of exceptions reserved thereto. It passed out of the case when it was dismissed.

2. VENUE &#9901;&#8212;5(1)—JURISDICTION OF DISTRICT COURT—PROPERTY IN OTHER PARISH.

The district court is without jurisdiction in a proceeding in rem against the property of a citizen domiciled in an adjoining parish, unless, under article 163 of the Code of Practice, as amended by Act No. 64 of 1876, the plaintiff has a right to a writ of sequestration or provisional seizure.

Certiorari or Review to Court of Appeal, Parish of Lincoln.

Suit in rem by J. J. Stovall & Sons, Limited, against R. F. Hubier, with writ of sequestration, under which defendant's property was seized, and in which defendant claimed a money judgment against plaintiff. There was judgment for damages for defendant on ground that plaintiff had no privilege upon property sequestered, and from a judgment of the Court of Appeal, on appeal by plaintiff against defendant's claim of privilege and against personalty, he applies for certiorari or writ of review. Judgments reversed, and suit dismissed, reserving to defend-

ant the right to claim damages for the unlawful seizure of his property.

W. J. Hammon, of Jonesboro, and R. A. Fraser, of Many, for applicant. John H. Mathews, of Alexandria, for respondent.

SOMMERVILLE, J. This is a proceeding in rem by plaintiff, domiciled in Winn parish, against R. F. Hubier, defendant, a resident of Sabine parish, wherein certain movable property of defendant in Jackson parish was sequestered by plaintiff, who claimed a privilege thereon.

The action was not a personal one against defendant. The plaintiff prayed that the sheriff of Jackson parish seize and sequester all of the movable property belonging to R. F. Hubier in Jackson parish, and, on final trial, that petitioner's privilege be recognized and enforced on said property, and that it have judgment in the sum of $821.13 against the property sequestered; that the property be sold, and the proceeds applied to the payment of petitioner's claim. Defendant excepted to the jurisdiction of the court, which exception was overruled. The exception should have been sustained because the facts alleged in the petition showed that the plaintiff had not a lien on the mules sequestered. Defendant answered, reserving the benefit of the exceptions filed, denying the existence of the privilege claimed by plaintiff in its petition, and, reconvening, claimed damages for the wrongful issuance of the writ of sequestration.

Defendant was served with a copy of the petition, and he was cited in Sabine parish to answer: but no judgment was asked for against him. The plaintiff rests his claim in the district court in Jackson parish upon article 163, C. P., as amended by Act No. 64, 1876, p. 106, which provides:

"In all cases of provisional seizure or sequestration, the defendant may be cited, whether in the first instance or in appeal either within the jurisdiction where the property * * * provisionally seized or sequestered is situated or found, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses; provided, that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant."

Thereupon plaintiff filed what it termed an "amended and supplemental petition," in which it set forth an entirely new and different cause of action. It alleged that defendant by filing a reconventional demand had submitted to the jurisdiction of the court in Jackson parish. It alleged that defendant had mortgaged, assigned, and disposed of part of his property, and was about to mortgage, assign, and dispose of his property, rights, and credits, or some part thereof, with intent to defraud his creditors, or give an unfair preference to some of them. It prayed for and obtained a writ of attachment under which defendant's property was seized. It also asked for a personal judgment against defendant, and that the writ of attachment therein sued out be sustained, and that petitioner's lien and privilege on the property attacked resulting from the attachment be recognized and enforced, etc.

The writ of sequestration was not referred to in the petition last filed. Citation in this last suit asking for a judgment in personam and for an attachment was served upon defendant in person in Sabine parish.

Defendant excepted to the supplemental petition on the ground of want of jurisdiction. This exception was sustained, and the supplemental petition was dismissed. It passed out of the case. Plaintiff did not object to the ruling of the court dismissing its supplemental petition, and it did not reserve a bill of exceptions thereto. It submitted to the ruling, and the case was proceeded with regularly thereafter without reference to the supplemental petition. No

default was taken on the supplemental petition; it was not put at issue by answer; and no evidence was offered in support thereof. It never went to trial.

There was judgment in the district court in favor of defendant dissolving the writ of sequestration on the ground that plaintiff was without a privilege upon the property sequestered and for damages. Plaintiff appealed to the Court of Appeal, which court held that plaintiff had no privilege on the property of defendant, and that the writ of sequestration had been properly set aside; but, proceeding upon the theory that defendant waived objection to the jurisdiction of the court of Jackson parish when he filed a reconventional demand, the court rendered a personal judgment, against defendant for the amount claimed in the attachment suit.

[1, 2] Defendant represents that the Court of Appeal erred in considering the supplemental petition of plaintiff, asking for an attachment of his property and for a personal judgment against him, which had been formally dismissed by the district court, and in rendering judgment upon said petition in favor of plaintiff. He now asks:

"That, upon due hearing, said personal judgment against relator be annulled and set aside, and the judgment of the district court be affirmed and made the judgment of this court."

There was no claim by plaintiff before the Court of Appeal for a personal judgment against defendant, even if defendant had acquiesced in the jurisdiction of the court of Jackson parish. The supplemental petition making that claim had been formally dismissed; no appeal had been taken from that order of dismissal; there had been no trial of that petition; and there was no suit pending for a judgment in personam.

The original petition did not ask for a personal judgment against defendant.

It was error on the part of the Court of Appeal to consider the supplemental petition and to render a personal judgment against defendant.

It was error in the district court to have overruled the plea of defendant to the jurisdiction of the court; and that ruling will be reversed, and the suits dismissed.

It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court herein be reversed and set aside, and this suit be dismissed, reserving to defendant the right to claim damages for the unlawful seizure of his property in this case; all at the cost of plaintiff.