No. 2606

Second Circuit

———

SHREVEPORT GROCERY CO., INC., v. JOHNSON ET AL.

———

(April 5, 1929.  Opinion and Decree.)

———

438

Lyons and Prentiss, of Shreveport, attorneys for plaintiff, appellant.

Harry V. Booth, of Shreveport, attorney for defendants, appellees.

ODOM, J. Plaintiff brought this suit against defendants on an open account, and obtained judgment against them by default, they having failed to appear; and on the same day the judgment was read, signed and filed. After the judgment was signed, on the same day, defendants, through counsel, appeared in open court and filed written motion for a new trial on the grounds that the judgment rendered was contrary to the law and the evidence and that no appearance or defense was made by them through oversight and inadvertence on the part of their attorney, who had been employed to represent them in the suit. In their motion for a new trial, they alleged that they had placed plaintiff's petition in the hands of their attorney four days previous to the day on which judgment was rendered by default, with instructions to him to file answer and defend the suit, and that they had a valid defense.

The court took the motion for a new trial under advisement and subsequently granted it, but more than three days after the judgment by default had been rendered and signed. After granting a new trial, the case went to trial on its merits, all parties being present. Whereupon the court, after hearing the parties, rendered judgment for the defendants, rejecting plaintiff's demands. The plaintiff appealed.

### OPINION.

The case is not before us on its merits. Plaintiff does not complain that the court erred in rejecting its demands when the case was heard on its merits after the new trial was granted, but it does contend that the court erred in granting a new trial, and we are asked to review its ruling on that point alone.

Appellant can find no relief in this court from the lower court's ruling on the motion for a new trial for several reasons, the first of which is that it made no objection to the filing or the trial of the motion for a new trial on the ground that it came too late or that the motion was not in proper form, and did not object to the order of the court granting the new

trial and reserved no bill of exceptions to the court's ruling; but, on the contrary, went into the trial of the case on its merits without reservations. Under such circumstances, the court's ruling on the motion for the new trial passed out of the case because appellant submitted without objection to the ruling. The holding of the court in the case of Stovall & Sons vs. Hubier, 143 La. 1028, 79 So. 830, is significant on this point. In Stewart vs. Harper, 16 La. Ann. 181, it was held that objections to the ruling of the court can not be made on appeal if not made in the lower court and excepted to there.

But aside from that, the court's order granting a new trial was interlocutory and not final. From such orders an appellate court will grant no relief unless from them there does or may flow irreparable injury, and none such can result from an order granting a new trial.

In the case of McWillie vs. Perkins, Jr., 20 La. Ann. 168, the court said:

"A judgment granting a new trial is interlocutory and not final, operating only as a postponement or continuance; it does not cause an irreparable injury; therefore, no appeal lies in this case." Citing C. P. art. 566; Rider vs. His Creditors, 9 La. 161; State vs. Judge of Parish Court, 15 La. 521; Succession of White, 2 La. Ann. 964; Bailey vs. Sims, 3 La. Ann. 217; City of N. O. vs. Imley, 12 La. Ann. 87.

In Wheeler vs. Joseph Maillot & Co., 15 La. Ann. 659, the court said:

"The plaintiff's counsel have filed a motion to dismiss the appeal on the grounds that no appeal lies from an order granting a new trial—that such an order is within the discretion of the District Judge, is interlocutory, and does not work an irreparable injury. These grounds are well taken and are sufficient to dismiss the appeal."

In Joyce vs. Nona Mills Company, Ltd., 142 La. 934, 72 So. 854, the court said:

"By setting aside the judgment, the Judge in effect merely granted a new trial. This he could do within the three days allowed for application for a new trial. C. P. Articles 560-547; Shreveport Cotton Oil Company vs. Blackman, Judge, 110 La. 266, 34 So. 438. The granting of a new trial within the legal delays for new trial is simply an interlocutory order, not appealable from. McWillie vs. Perkins, 20 La. Ann. 168; Wheeler vs. Maillot, 15 La. Ann. 659."

Counsel for appellant concedes that no appeal lies from an order granting a new trial. He says, in supplemental brief:

"Furthermore, plaintiff could not have legally taken an appeal from the decree granting a new trial because it was interlocutory, and if an appeal had been taken it would have been dismissed on motion."

He quotes the following excerpt from the case of State of Louisiana vs. Cole, 39 La. Ann. 938, 3 So. 84:

"It has been repeatedly held that an appeal does not lie from an order granting a new trial."

But contends, however, that an appeal from the final judgment in any case brings up for review all previous interlocutory judgments, and he cites Succession of Williams, 153 La. 210, 95 So. 607; Vance vs. Noel, 143 La. 478, 78 So. 741; Demarest vs. Beirne, 36 La. Ann. 751.

Be it so, but if the interlocutory order or ruling is one which works no irreparable injury, this court can grant no relief therefrom whether such ruling be brought up on direct appeal or brought up by appeal from the last judgment. It is not a question as to how the point gets before the court. The question is whether the court can or should grant the relief sought.

An appellate court will grant no relief from an interlocutory decree granting a new trial where the lower court has acted within its rights in granting the order under the articles of the Code of Practice.

Paragraph 3 of Article 547 of the Code of Practice provides that Judges "may ex-officio direct a new trial in order to revise their judgments," and it has been repeatedly held that the granting or refusal of a new trial is a matter left within the sound discretion of the trial court and that his ruling in that respect will not be disturbed, except in cases where that discretion is abused.

Nessans vs. Colomes, 130 La. 375, 57 So. 1010, and authorities.

The trial judge cannot ex-officio grant a new trial, after the lapse of three days from the rendition of the judgment, unless a motion has been filed within that delay, except for the causes set out in Article 560 of the Code of Practice.

Culverhouse vs. Marx, 38 La. Ann. 667;

State ex rel. Shreveport Cotton Oil Co. vs. Blackman, Judge, 110 La. 266, 34 So. 438.

But the judgment in the case at bar did not become final because defendants filed their motion for a new trial on the day the judgment was rendered. It is true that the new trial was granted more than three days after the judgment was rendered and signed, and counsel for appellant contends that the judgment had become final because it had been read and signed. The signing of the judgment, however, was premature. Article 546 of the Code of Practice provides that,

"The Judge must sign all definitive or final judgments rendered by him, but he shall not do so until three judicial days have elapsed."

Within three days, the party cast may move for a new trial, and the signing of the judgment previous to the expiration of the delays does not cut off that right.

In McWillie vs. Perkins, supra, the court said:

"It is well settled that a judgment is inchoate until the expiration of the delay allowed to apply for a new trial, and it is but then that the signature of the Judge can make it final."

In the case at bar, defendant moved for a new trial on the day the judgment was rendered. The court took the motion under advisement. Under Act 94 of 1898, the court had seven days in which to pass on the motion. The act reads in part:

"All motions, exceptions or applications for new trial shall be passed upon by the Judges of the District Courts and the Judges of the City Courts within seven days from the time such motions, exceptions or applications for new trial are submitted to them for their decision."

While the motion, which was timely filed, was pending, the judgment could not become final. Whether the court granted the new trial ex-officio or upon the application of appellee, we think does not matter under the circumstances of this case. The court was within its rights in either event.

In our opinion, the new trial should have been granted as a matter of justice. Defendants appeared in court on the day they were called. Under Act 28 of 1921, fixing the status and civil jurisdiction of the City Court of Shreveport, prior defaults are not necessary to final judgment in any case. That rule is radically different from that which prevails in the Dis-

trict Courts of the State where preliminary defaults are required to be entered two clear judicial days prior to confirmation. The Judge was no doubt convinced that an injustice had been committed and, in order to right the wrong, he granted the new trial. Plaintiff has suffered no injury. It has had its day in court, and counsel does not now urge that the judgment rejecting its demands was erroneous.

Counsel cites the case of Stout vs. Henderson, 157 La. 169, 102 So. 193. In that case, a preliminary judgment by default was confirmed after two judicial days, and immediately counsel for defendant appeared in court and filed a motion for a new trial, which motion was overruled and that ruling was sustained. But in that case the grounds for the motion for a new trial were that the judgment was proved up on default when plaintiff's counsel knew and had been advised that an answer would be filed in the case, and that the case would be regularly set for trial, and that counsel for plaintiff had acted contrary to the custom of the court in proving up defaults after they had been requested not to proceed until defendant's counsel got into the court room. But defendant made no effort to prove any such custom.

We think the trial court was clearly within its rights in ordering a new trial, and we shall not disturb the judgment. It is accordingly affirmed.