HAWKINS v. COSTLEY ET AL.

(May 27, 1929. Opinion and Decree.)
(June 10, 1929. Rehearing Refused.)
(November 19, 1929. Opinion and Decree of Supreme Court on Writ of Certiorari and Review.)

Dart & Dart and Leo L. Dubourg, of New Orleans, attorneys for plaintiff, appellant.

Spearing & Mabry, of New Orleans, attorneys for F. D. Costley, defendant, appellee.

JANVIER, J. Plaintiff sues defendants for $503.10, with interest, etc., alleging that he is the holder and owner of a certain check for $500, drawn by Frank D. Costley and indorsed by R. A. Davis. He alleges that the check was received by him in due course and that, having received it, he expended the proceeds, but that, when the check was presented, payment was refused because defendant Costley had issued to the bank on which it was drawn an order to stop payment.

Davis, the other defendant, calls Costley in warranty.

Costley resists payment, denying that plaintiff is the holder in due course and alleging that the said check was transferred to plaintiff for the sole purpose of creating the appearance of its being in the hands of an innocent third person.

Costley further alleges that the check was given to Davis to be invested by him for account of Costley in an oil venture, and that, before Davis had used the check, or undertaken any obligation in connec-

tion therewith, notice was given to Davis of Costley's intention to withdraw from the venture.

Of course, at the outset there can be no doubt that under section 16 of Act No. 64 of 1904, there is a presumption that plaintiff is the holder in due course. It appears, however, that a commission was issued to take the testimony of plaintiff, and of a witness for plaintiff, for the purpose of showing that plaintiff was the holder in due course and that he had expended the money in connection with the enterprise. Unfortunately, when the answers of these witnesses, taken under the commission referred to, were returned into court, they were found by the trial court—and in fact by two different divisions thereof—to be fatally defective in that certain questions propounded under cross-examination were not answered, and in that certain documents called for were not attached.

Because of this situation, counsel for defendant Costley objected to the reading of the depositions in evidence and this objection was sustained. We find in the record no formal bill of exceptions by counsel for plaintiff to this ruling, nor do we find any informal protest or objection. Under these circumstances, we are of the opinion that the depositions, although they are physically in the record, cannot be considered by us. We base our opinion on a decision of the Supreme Court of Louisiana in the matter of Stovall & Sons vs. Hubier, 143 La. 1028, 79 So. 830. This case was decided long after the passage of Act No. 55 of 1908, which makes it unnecessary to reserve formal bills of exception, but requires that the stenographic notes shall show an objection by the party against whom the ruling is made. It is manifest that some protest or objection is necessary, and that such protest or objection must be shown in the record.

In the case to which we have referred the trial court refused to consider a supplemental petition. No objection to this ruling appeared in the record and yet the Court of Appeal took into consideration the supplemental petition. The Supreme Court said:

"It was error on the part of the Court of Appeal to consider the supplemental petition * * *."

An exclusion of the depositions of plaintiff leaves the record in an unsatisfactory state, so far as the contention of plaintiff is concerned, for we find that plaintiff, although called upon to testify, in fact did not do so. From this situation results the presumption that plaintiff's testimony would have been adverse to his interests. At any rate, the record as it now exists contains the testimony of defendant Costley to the effect that he instructed Davis not to send the check to Hawkins and the further testimony that Hawkins did not become the holder of the check in due course.

The trial court rendered judgment of non-suit. We think, however, that in view of the facts above set forth, this judgment should have been in favor of defendants and against plaintiff.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is anulled, avoided and reversed, and that there now be judgment in favor of defendants and against plaintiff, dismissing plaintiff's suit at his cost.