HAWKINS v. COSTLEY ET AL.

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

See previous. decision in 11 La. App. 602, 123 So. 367.

Dart & Dart and Leo L. Dubourg, of New Orleans, attorneys for plaintiff, appellant.

Spearing & Mabry, of New Orleans, attorneys, for defendants, appellees.

WESTERFIELD, J. This is a suit in which the plaintiff, alleging himself to be the holder in due course of a certain check issued by Frank D. Costley and indorsed by Dr. Robert A. Davis, seeks to recover the sum of $500, the face value of the check, plus $3.50 as protest fees.

Defendant Davis answered, averring in substance that the check had been given him by Costley, who had received due consideration therefor, and that immediately after receiving the check it was indorsed by him to the order of Hawkins. He called Costley in warranty and prayed for judgment in his favor and against Costley for whatever sum judgment might be rendered against him. Costley answered, denying that plaintiff was a holder in due course and called Davis in warranty.

There was judgment below in favor of plaintiff and against Davis in the sum prayed for, and in favor of Costley and against plaintiff, dismissing plaintiff's suit as in case of nonsuit. It was further decreed that both calls in warranty be dismissed as in case of nonsuit. From this judgment plaintiff appealed to this court. In disposing of the case in defendant's favor, we held that the testimony of plaintiff's witnesses, which had been taken under a commission, was fatally defective, in that certain questions propounded on cross-examination were not answered and certain documents called for were not attached. 11 La. App. 602, 123 So. 367. The decision of this court was reviewed by the Supreme Court on a writ of certiorari (169 La. 229, 124 So. 837), and that court held that we were in error, and that the evidence of plaintiff was admissible, and remanded the case to this court for further consideration.

Costley's defense, to the effect that plaintiff was not a holder in due course, is based upon the contention that Davis, from whom the plaintiff acquired the check, was in bad faith, and that plaintiff was in some way, not very clearly set forth, involved therein.

It appears from the testimony that Dr. Davis was connected with the oil prospecting business in El Dorado, Ark., and invited Costley to join him in his venture, saying that he (Davis) intended to organize a corporation and raise capital to the extent of $20,000. Costley was induced to invest $500 in the enterprise and gave Davis his check for that amount. He claims that Davis had agreed to hold his check, together with others which he would receive from time to time, in trust until the $20,000 was fully subscribed. Just after parting with his check to Davis, Costley changed his mind and called Davis on the telephone, notified him to that effect, and requested the return of his check and later stopped payment thereon. The check was not returned, however, but sent at once to Hawkins, the plaintiff, who resided in El Dorado, and was paid out by Hawkins for the account of Davis; that is, an amount equal to the face of the check was paid by Davis to certain laborers to whom Davis was indebted.

It is the contention of Costley's counsel that Davis had no right to use the check, that he was not the owner of it and had no right to dispose of it, and that Hawkins, to whom it had been sent, could have no greater right than Davis, citing, in support of this contention, William Frantz & Co. v. Fink, 125 La. 1013, 52 So. 131, 28 L. R. A. (N. S.) 539, and William Frantz & Co. v. Winehill, 124 La. 680, 50 So. 650. The

cases cited are not apposite here because the principle announced therein has no relation to commercial paper.

Section 185 of Act 64 of 1904, the negotiable instrument law provides:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

Section 52 of this act defines a holder in due course as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

With the evidence before us which was excluded from consideration in our former decision, we have no difficulty in holding that plaintiff was a holder in due course. There is not the slightest evidence in the record to indicate that Hawkins had any knowledge whatever concerning the alleged misrepresentation of Davis with respect to his intention to hold the check until others had been received, aggregating $20,000, nor that he had any knowledge of Costley's attempt to withdraw from the Davis enterprise. Hawkins received the check, placed it to his account, and checked out a sum for account of Davis slightly in excess of $500, the face of the check. Upon the dishonor of the check his account was charged with the $500.

We believe that Hawkins is entitled to recover, and consequently, for the reasons assigned, the judgment appealed from is reversed, in so far as it fails to award judgment in plaintiff's favor and against defendant Costley, and it is now ordered that plaintiff, W. W. Hawkins, have judgment in his favor and against the defendants, Frank D. Costley and Robert A. Davis, in solido, for the sum of $503.50, with legal interest thereon from judicial demand until paid. In all other respects the judgment appealed from is affirmed.