## CRESCENT INS. AGENCY, Inc., v. THOMAS.*

### No. 14875.

Court of Appeal of Louisiana. Orleans.
May 27, 1935.

· Harold J. Rayl and C. E. Loeb, both of New Orleans, for appellant.

St. Clair Adams & Son and P. A. Bienvenu, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by an insurance agency on an open account brought against the curatrix of an interdict. The defendant, in effect, pleads the general issue. There was judgment below in favor of plaintiff for $111.31, as prayed for, and defendant has appealed.

The plaintiff is the agent for several insurance companies, and the interdict, Dr. G. A. Thomas, is the owner of considerable real estate. For a number of years the plaintiff placed various forms of insurance for Dr. Thomas with insurance companies which it represented, charging Dr. Thomas on open account for the premiums, and remitting its funds to the insurance companies. The statement of account attached to the petition shows a debit of $329.41, made up of thirteen items, all involving the premiums on various insurance policies subject to a credit of $218.-10, leaving a balance due of $111.31. The first item charged on the account is of date May 25, 1929, and the last May 22, 1932. Two witnesses appeared on behalf of plaintiff, Mr. Charles F. Henrichs, the secretary-treasurer of the corporation, and Mr. A. J. Mioton, its president and general manager. Mr. Henrichs testified that the account sued on was correct according to the books of plaintiff, but that he had no personal knowledge concerning the authority for the issuance of the policies. Mr. Mioton testified that all of the policies were authorized by Dr. Thomas or by Mrs. Thomas, his wife; that for the most part his dealings were had with Mrs. Thomas, who had never denied liability and frequently promised to pay the account. Dr. Thomas was interdicted November 7, 1932, and Mrs. Thomas, who appears to have managed her husband's affairs for some time prior to his interdiction, was appointed his curatrix.

On behalf of the defendant the only testimony was that given by his attorney, Harold J. Rayl, which mainly relates to the details of his conduct of the interdict's affairs and with efforts which he made to obtain a satisfactory statement from the plaintiff of the indebtedness of the interdict. It is of little value in , the consideration of the issue involved.

█ The main contention of the defendant is with respect to two items on the account dated July 25, 1929, and August 12, 1929, respectively, aggregating $158.10, and representing premiums on insurance policies issued by the New Hampshire Fire Insurance Company covering the property 435 South Rampart street. This property, as shown by a certified copy of an act of sale filed in the record, was sold by Dr. Thomas on May 28, 1925, to the Diana Realty Company and was, consequently, not owned by Dr. Thomas at the time the insurance was effected. The argument is that since, admittedly, there was no liability under the policy issued in the name of Dr. Thomas covering property which he did not own, there can be no recovery for the premiums on the policy. This argument would be more convincing if this suit had been brought by the New Hampshire Fire Insurance Company, the insurer; but when addressed to the claim of the plaintiff in this suit it is without merit, because the record shows that the premiums were paid to the New Hampshire Company by the plaintiff insurance agency for account of Dr. Thomas, and without knowledge of the fact that the property had been sold. In other words, this property and other properties belonging to Dr. Thomas had been kept covered by insurance under an agreement whereby the plaintiff undertook to maintain the numerous insurance policies of Dr. Thomas in various companies,

and to cause them to be renewed from time to time as they expired, charging Dr. Thomas with the amount of the premiums paid by plaintiff for his account. If these policies did not afford Dr. Thomas any protection, the fault is with Dr. Thomas and not with the plaintiff which acted for him in the matter.

We are of the opinion that the account has been proven with legal certainty. Mrs. Thomas, who is said to have acted as the agent of her husband in many instances and to have frequently recognized the correctness of plaintiff's account promising to pay it, failed to take the stand without any explanation of her failure to do so. It will be presumed that she could not controvert the testimony of plaintiff's witnesses. Hawkins v. Costley et al., 11 La. App. 602, 123 So. 367; Rossi v. Cust, 17 La. App. 349, 136 So. 103.

This was the opinion of the trial court as reflected by its judgment and we see no reason to disagree with it.

For the reasons assigned the judgment appealed from is affirmed.