## AUGRAIN et al. v. GARRITSON et al.
### No. 16243.

Court of Appeal of Louisiana. Orleans.
March 23, 1936.

Sol Weiss, of New Orleans, for appellants.

A. Miles Coe and John D. Lambert, both of New Orleans, for appellees.

WESTERFIELD, Judge.

The plaintiffs in this case, Mr. and Mrs. Rene H. Augrain, have prosecuted this devolutive appeal from a judgment setting aside the verdict of a jury wherein they were awarded $100 and $300, respectively, against the defendants, Louis Garritson and the Owners' Automobile Insurance Company of New Orleans. On the trial of the case in this court the defendants and appellees were unrepresented by counsel. No formal motion was filed to dismiss the appeal, but this court, observing the character of the judgment appealed from, is of opinion that the appeal should be dismissed.

Article 565 of the Code of Practice provides:

"One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default."

Article 566 of the Code of Practice provides:

"One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

It is well settled that a judgment granting a new trial is interlocutory and not final and does not cause irreparable injury. Shreveport Grocery Co. v. Johnson et al., 10 La.App. 437, 121 So. 351, and authorities therein cited.

The case of Lemon et al. v. Marrero, Sheriff, 12 Orleans App. 74, relied upon by appellants, is not in point. It was there held that the delay fixed by Code Prac. art. 558, during which a party cast may ask for a new trial, begins to run from the day on which the judgment was rendered, and not on the day on which it was signed, and that the trial court was powerless to order a new trial upon an application filed after the delay had expired.

For the reasons assigned, the appeal in this case is ordered dismissed.

Appeal dismissed.