STATE OF LOUISIANA *v.* THE JUDGE OF THE THIRD JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON.

The proviso to the second section of the Act of 22d March, 1843, relative to appeals and notices
of judgment, does not apply to the parish of Jefferson.

IN the matter of an application for a Mandamus in the case of *Bach, Barnett
& Co.* v. *A. Leopold. Levy,* Intervenor.

SLIDELL, J. This is the second application for the interposition of this
Court, which has been made in this cause, and its decision turns upon the
question of the plaintiffs' right to a suspensive appeal, under the circumstances
of the case.

It appears that upon an execution taken out by the plaintiffs against the de-
fendant, certain goods were seized. *Levy* intervened and claimed the owner-
ship; he also asked damages. There was judgment in *Levy's* favor, ordering
the restoration of the goods to him and awarding him damages. This judg-
ment was signed on the 10th February, 1853. On the 21st February, 1853, the
plaintiffs filed a petition, asking an appeal from the judgment, in general terms,
and not specifying whether they desired a suspensive, or devolutive appeal. On
the 25th, the Court signed an order granting an appeal, with a similar generality
of language, and upon condition that the appellant should give bond, with good
security, in the sum of $650. A rule was subsequently taken in the Court
below by *Levy,* upon the plaintiffs, to show cause why execution should not
issue, upon the ground that the bond was insufficient for a suspensive appeal,
&c. The rule was made absolute, and in doing so the District Judge remarked:

"In this case the intervenor and third opponent, *A. Levy,* has ruled the
plaintiff to show cause why an execution should not issue upon the judgment
rendered in his favor, upon the ground, that the amount of the appeal bond
was insufficient. The judgment for the intervenor was for $400 damages, and
the delivery of certain movable property, being merchandize. The lowest
estimative value that, under the testimony of the case, can be put on the mer-
chandize was $295. In taking a suspensive appeal, the party was bound to
secure the sum of $695, by giving bond in an amount exceeding that sum by
one half, under articles 575, 576, C. P. According to this calculation, the bond
should have been for $1000 and upwards. But the bond actually filed is only
for $650. This falls far short of the rule prescribed by law, and, therefore,
must be deemed insufficient to the execution of the judgment.

"It is ordered, therefore, that the rule be made absolute, and the third oppo-
nent and intervenor be authorized to issue execution upon the judgment ren-
dered in his favor against the plaintiff in this case, and a writ of possession
according to law."

An application was then made to this Court for a prohibition. The answer
of the District Judge was:

"Your respondent ordered an execution to issue on the judgment rendered
in favor of *Levy,* against *Bach, Barnett & Co.,* for the reason, that the bond
filed by the appellants, *Bach, Barnett & Co.,* was insufficient in amount to sus-
tain a suspensive appeal. He avers that the record of the case will show that
judgment was rendered in favor of *Levy* for $400 damages, and for the owner-

12

STATE OF LA.
v.
THE JUDGE OF THE
THIRD JUDICIAL
DISTRICT COURT. ship and possession of Merchandize, the lowest estimative value of which, according to the evidence on file, was $295. That the bond filed by the appellant was for $650, which your respondent considered insufficient in amount to operate as a stay of execution on a judgment for movables and money, amounting to $695.

"Your respondent refers to the copies of the record for the facts of the case to sustain the foregoing statement, and, submitting these his reasons, most respectfully prays to be hence dismissed."

                                              "J. CALVETT CLARK, Judge."

For these reasons, and considering also the ruling in 4th An'l, p. 3, *Byrn* v. *Riddell et al*, and *Marshall* v. *Grand Gulf Railroad Company*, 5th An'l, p. 361, we dismissed the application. See ante, p.—

The present application is made on the ground that the plaintiff, on the 14th March, tendered a new bond, in the Court below, for $2500, and that they have a right to a suspensive appeal within 15 days after the adjournment of the Court, on the last day of the February term. They rely on the statute of 1843, p. 40, which provided as follows:

"*Section* 2. That the articles, 575 and 624, of the Code of Practice, be so amended that whenever an answer has been filed in a suit in which the defendant has had personal service made upon him, to appear and file his answer, or when a judgment has been rendered in a case, after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment, by the fact of its being signed by the Judge. Provided, that in the country parishes no execution shall issue in cases where an appeal lies until fifteen days after the adjournment of the Court, by which the judgment was rendered, within which delay a party may take a suspensive appeal, on filing petition and appeal bond, as now provided by law."

The District Judge has refused to grant a suspensive appeal.

The subject is one involving the practice of the District Court of the parish of Jefferson, which is regulated, in many respects, by statutes specially framed with reference to that Court. Upon these statutes the learned Judge of the District Court has been acting for several years. We must suppose he has, necessarily, given them repeated and careful consideration; and his interpretation, under such circumstances, is entitled to great deference, and ought not to be disturbed by us, unless it should seem, upon a careful scrutiny, manifestly erroneous.

Those statutes are numerous. The multiplicity of legislation was, perhaps, the necessary consequence of the inherent difficulties which attended the organization of the new judiciary system under a new constitution; although it is certainly to be regretted (if such a course had been possible) that all the legislation, touching that Court, had not been embraced in a single act. There are, in those statutes, if superficially examined, seeming inconsistencies of phraseology, and, perhaps, some occasional obscurity with regard to the intention of the lawgiver. But upon the whole, after carefully comparing the various acts, we have come to the conclusion adopted by the district Judge, to wit: that the intention of the legislature was to distinguish, in many respects, the practice of the District Court of Jefferson from what may be termed the *country* Courts; and to assimilate it to the practice of the city of New Orleans, of which the town of Lafayette then substantially formed a part, and with which city Lafayette has been subsequently incorporated.

It seems to us, therefore, that the District Judge did not err in refusing to apply to his Court the provisions of the Act of 1843. It would be unnecessary to cite in detail the language of the later statutes. We shall content ourselves with a reference to them. <span style="float:right">STATE OF LA.<br>*v.*<br>THE JUDGE OF THE<br>THIRD JUDICIAL<br>DISTRICT COURT.</span>

See Acts of 1846, p. 45, 56, 63, 99, 110.

It is, therefore, ordered that the application be dismissed, and that the applicants pay costs.