1. Suit by wife for separation from bed and board; demand in reconvention by husband for absolute divorce. Held—Wife's conduct debars her from the relief sought. Husband's reconventional demand dismissed as in case of nonsuit.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mattie De Priest Weaver against Weaver, her husband. Judgment for plaintiff, and defendant appeals. Reversed.

---

*Rehearing denied May 25, 1903.

Lazarus & Luce, for appellant. Benjamin Rice Forman, for appellee.

BLANCHARD, J. This action was one for separation from bed and board. The wife, who is plaintiff, charges, in effect, that her husband has been guilty towards her of excesses and cruel treatment of such a nature as render their living together insupportable. She mentions particulars in her petition.

The husband answers denying the ill-treatment complained of, and charges gross misconduct on part of the wife of such a nature as entitles him, in his belief, to a decree of divorce a vinculo matrimonii, for which he prays in reconvention.

There was judgment in favor of the plaintiff granting her the separation from bed and board prayed for, and rejecting the reconventional demand of the defendant.

The latter appeals.

Ruling—The conclusion reached, on examination of the testimony in this record, is that the wife's conduct debars her from the relief she seeks. Amy v. Berard, 49 La. Ann. 897, 22 South. 48.

And it is not thought that the evidence adduced in support of the reconventional demand of the defendant is, in all particulars, sufficient to warrant a final decree in his favor.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and that the demand of the plaintiff be rejected, while that of the husband, on his demand in reconvention, be dismissed as in case of nonsuit—costs of the appeal and those of the main demand in the court below to be paid by the plaintiff, those of the reconventional demand in the court below to be paid by the defendant husband.

---

(34 South. 438.)

No. 14,830.

STATE ex rel. SHREVEPORT COTTON OIL CO. v. BLACKMAN, Judge.

(May 11, 1903.)

NEW TRIAL—POWERS OF JUDGE—JUDGMENT—PROCEDURE.

1. A new trial may, within the legal delays, be ordered ex proprio motu by the trial judge.

2. But he may not *ex proprio motu* transform a judgment pronounced in favor of one of the parties to a judgment in favor of the other party to the cause.

3. Nor may he, after ordering a new trial, immediately take up the case, in the absence of the party in whose favor the judgment was pronounced, or his counsel, and without notice to them, proceed to try it again and give a judgment different from the first.

4. When a new trial is granted or ordered, the cause should again be set down on the docket, and assigned for trial and tried in due course.

(Syllabus by the Court.)

Application by the state, on the relation of Shreveport Cotton Oil Company, for writs of mandamus, prohibition, and certiorari to W. F. Blackman, judge. Writs granted.

Joel L. Fletcher, for relator. Respondent judge pro se.

BLANCHARD, J. This is an original proceeding taken here for writs of *mandamus*, prohibition and *certiorari* against the respondent Judge.

The relator was plaintiff in a suit brought in the District Court of Grant Parish, of which court respondent is the presiding Judge, against J. A. Hyde, seeking a money judgment.

Hyde denied indebtedness and in reconvention claimed a judgment against the Cotton Oil Company.

It is set forth in the application for the writs, and not denied in the Judge's return to the rule *nisi*, that neither the amount claimed by the Cotton Oil Company, nor that claimed by Hyde in reconvention, and for which the original case went to trial, was sufficient to authorize an appeal to the Court of Appeals in and for the Circuit in which the Parish of Grant is situated.

The allegation of relator in this particular is that before going to trial on the 5th of February, 1903, on suit of the Cotton Oil Co. v. Hyde, the plaintiff in open court conceded to Hyde a credit which he claimed, the effect of which was to reduce both the original demand and that in reconvention below the appealable amount.

So that, as is the contention of relator, no relief by appeal may be had, and, hence, the necessity to invoke the supervisory control of this Court under Art. 94 of the Constitution.

After answer and plea in reconvention filed by Hyde, the case against him was regularly set for trial and tried on February 5, 1903.

The result of this trial was a judgment entered up on the minutes of the court, which seems to have liquidated accounts between the parties litigant, showing a balance in favor of the Cotton Oil Co. of $1.32, which the Company was decreed to recover, with all costs of suit.

Two days later—on Saturday the 7th of February, the last day of that session of the Court—counsel for Hyde filed a motion for new trial, which was at once acted on, a new trial granted, the case immediately taken up for trial, and a second judgment rendered, this time showing a balance, on the adjustment of accounts, in favor of Hyde of $11.28, for which sum a judgment was written up and signed, carrying all costs of suit against the Cotton Oil Company.

The relator's complaint herein is based upon this action of the trial Judge taken on the 7th of February.

It is averred that neither relator, nor its counsel, was present in court, nor at the county seat, at the time the action referred to was taken; that no notice of the filing of the motion for new trial was given, nor any notice of the taking up of the same for trial, nor any notice of a new trial having been granted, nor any notice of the intention to retry the case on that day and change the judgment from one in favor of the relator, carrying costs, to one against relator mulcting it in costs.

With regard to this the respondent Judge says:—

"The statement of facts in the petition are in the main correct. The motion for new trial was filed on the day the court term expired and adjournment thereof. Counsel for plaintiff was absent attending to other legal business, as I understand, in Shreveport, and no notice could be given. Code Prac. art. 546, directs that all motions for new trials in causes shall be made and determined before the adjournment of court for the term at which such causes were tried and whether three judicial days have elapsed or not. Knowing this requirement of the law it is the duty of counsel to be present in court and take care of such motions, or make such

agreement with opposing counsel as will give protection. The uniform practice in the District Court in the country parishes, so far as I know, is to dispose of motions for new trials at the same term, although the motion may be filed on the day of adjournment. In this case I thought my original judgment erroneous and granted a new trial to correct it, which was principally an error of calculation."

*Ruling*—So far as granting the new trial was concerned, that might have been done, within the legal delays, by the Judge *ex proprio motu*. He has, within such delays, such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for new trial having been filed by the party cast, direct the judgment he has rendered set aside and a new trial ordered. Gale v. Kemper's Heirs, 10 La. 209; State v. Judge, 8 La. Ann. 93; Underwood v. Lacapere, 10 La. Ann. 766; Culverhouse v. Marx, 38 La. Ann. 688; Code Prac. art. 547, par. 3.

But a Judge may not *ex proprio motu* transform a judgment in favor of a plaintiff to one in favor of the defendant in the cause. He may not, of his own motion, cancel the judgment he has given to one party and substitute another in favor of the opposite party. State ex rel. Vignes v. Judge, 43 La. Ann. 1169, 10 South. 294.

Nor may a Judge, after ordering a new trial, immediately take up the case, in the absence of the party in whose favor the judgment was given, or his counsel, and without notice to them, proceed to try it and give a judgment different from the first. Code Prac. art. 563, directs that when a new trial is granted the cause shall again be set down on the docket.

In the case under consideration, having ordered a new trial, and it being the last day of the court's session, and plaintiff and its counsel being absent, our learned brother of the District Court should have let the case go over to the succeeding term of his court, and not tried it again then and there, and changed the judgment from one in favor of plaintiff to one against the plaintiff.

See Converse et al. v. Bloom, 20 La. Ann. 556.

What he did was not merely an amendment of the judgment already pronounced by altering its phraseology, without changing its substance, as is authorized by paragraph 1 of Code Prac. art. 547.

Nor was it merely to correct errors of calculation, as for instance, where more was given than was demanded, or where the party in favor of whom the judgment was given had been ordered to pay costs, as is authorized by paragraph 2 of Code Prac. art. 547.

All the proceedings complained of, from and after the ordering of the new trial, were irregular and are subject to correction through the supervisory powers of this court.

It is, therefore, ordered that the writs of prohibition and *certiorari* applied for do issue and be made peremptory to the extent of annulling and vacating the action taken on February 7, 1903, by the respondent Judge in the cause No. 1,217 of the docket of the District Court in and for the Parish of Grant, entitled Shreveport Cotton Oil Co. v. James A. Hyde, save as to the motion for new trial which was made and granted.

It is further ordered that the writ of *mandamus* applied for do issue and be made peremptory to the extent of directing the respondent Judge to cause the said case to be redocketed in his said court as a case pending, in which a new trial has been granted, and to assign the same for trial in due course and to try and determine the same according to law.