PROVOSTY, J.
[1] The allegation in plaintiff’s petition that she was authorized to bring this suit was not sought to be proved, although put at issue by the answer. Act 94, p. 212, of 1916, dispenses married women from the necessity of being authorized by their husbands for standing in judgment in matters relating to their paraphernal property, and this suit involves a paraphernal claim. This act was adopted after final judgment had been rendered in the lower court; but, the case having been as fully tried below as if plaintiff had had authority to stand in judgment, and she being the appellant, and now qualified to stand in judgment, there is no reason why the case should not be finally disposed of on this appeal.
[2] The defendant, Dalbey, died after answer filed, and after trial, but before judgment. In a supplemental petition plaintiff asked that his children and heirs be made parties, and that a curator ad hoc be appointed to represent them, they being nonresidents. The curator excepted, on the ground that, no property having been attached — in fact, there being none in Louisiana belonging either to the defendants or to the succession of their father — and the defendants being nonresidents, and not having been personally cited, nor appeared, no judgment could be rendered in the case. This exception was overruled, but should have been sustained. In the absence of personal citation, or appearance, or of an attachment of property, no judgment can be rendered against a nonresident, except in suits in rem or quasi in rem. -
[3] One of the heirs, however, joined issue on the merits, and litigated the case. This voluntary appearance supplied as to him the want of citation.
[4] This heir, while thus defending the suit in his quality of heir (by no possibility could he be defending it in any other quality), denies that he has accepted the succession of his father “unconditionally,” or that he is in any way liable for its debts. But manifestly, in the same quality in which he is defending the *21 suit, he may he condemned in it. His thus appearing and defending the suit “necessarily supposes his intention to accept.” O. C. 987.
A tract of land belonging to the community of acquets and gains existing between plaintiff and her husband, but standing of record in her name, was sold by her to the defendant. The husband signed the act for authorizing his wife. Dalbey mortgaged the property to a third person. In the suit brought to foreclose this mortgage plaintiff intervened, claiming that this land had belonged to her, and not to the community; and that the sale of it to Dalbey was a mere contract of security for a debt of her husband. Her intervention was dismissed, for the reason that in accepting the mortgage this third person had acted on the faith of the public records. In the present suit, she alleges that she was coerced by her husband to make the sale to Dalbey; that the mortgage was given by Dalbey for the purpose of putting the property beyond her reach; and she claims damages equal in amount to the value of the property, and $1,000 additional in reimbursement of the expenses incurred by her in court costs and attorney’s fees in her said unsuccessful intervention.
Of the several defenses, the only one we need notice is that said land was not the separate property of plaintiff, but belonged to the community of acquhts and gains that existed between her and her husband. On the principle that “a party cannot controvert the title of one under whom he claims,” plaintiff contends that, having acquired from her, the defendant cannot be allowed to set up that she was not the owner of said property.
[5-7] Property purchased by the wife during the existence of the marriage is presumed to belong to the community, and actually does so belong unless it has been paid for by her with her separate funds. The community, being owner of the property, may sell it, and, naturally, cannot do so in the name of the husband, in whose name it does not stand of record, but needs must do so in the name of the wife, in whose name it stands of record. The wife could not transfer the title to the husband to enable him to make the sale, as a transfer of property by wife to husband is a thing unknown to our law. While the wife appears to be the seller when she makes such a sale of community property to a third person, she is so only in appearance. In reality, the community is the seller. Now, the law deals with realities, not with appearances. Whenever, therefore, question arises — no matter in what connection — as to whether such a sale was made by the wife or by the community, the situation is not to be governed by the appearance of things, but by the reality. In such a case the wife has merely lent her name to the community, or acted as its agent, as it were. The purchase having in reality been made from the community, and' not from the wife, that fact should be allowed to be shown. The said principle,, of a party not being allowed to controvert the title under which he holds, invoked by plaintiff, has no application, therefore, to such a case, unless the fundamental principle that the law looks to the reality of things and not to their mere appearance is to be disregarded. The title under which the purchaser holds in such a case being in reality from the community, and not from the wife, he does not controvert the title under which he holds when he makes proof of that fact.
In the cases of Harang v. Blanc, 34 La. Ann. 632, and Keating v. Wilbert, 119 La. 461, 44 South. 265, the wife had acquired the property there in question with her 'paraphernal funds, and was really the owner; hence, the cases were correctly decided; but in holding broadly in these cases that the purchaser of community property from a wife cannot, in defence to a suit by the wife, show that the real vendor was not the wife, but the com *23 munity — which was the owner both in legal presumption and in fact — the court made, in our opinion, a wrong application of the principle that a purchaser cannot contest the title of his vendor. In such a case the purchaser is not contesting the title of his vendor, but is merely showing who was his vendor. In the I-Iarang Case, which is the leading case, the court very appropriately remarked that the rule applies only to cases where “the only title that defendant can assert to the property is that derived from the plaintiff.” In a case like the present the purchaser can assert a title derived from another person than the wife, namely, from the community, for whom she held the title and for whom in reality she made the sale. Where property in legal presumption and in reality belonging to the community has been alienated for the benefit of the community, or in sat- • isfaction of a community debt, the wife should not be allowed to revendicate it on the theory that it belonged to her. Her allegation in such a case that she was the vendor is false, and should be held to be such. Only by a misapplication of legal principles could such a falsity be allowed to triumph in a court of justice.
The evidence in this case establishes that the payments on the property were made by the husband, and that therefore the property belonged to the community.
[8] This; evidence consists, however, in part, of numerous letters written by the husband in transmitting the money for making the' several payments; and the admission of these letters in evidence was objected to on the grounds that they were hearsay, and that to admit them would be tantamount to allowing the husband to testify against the wife. ■
If the husband had come in person to make these payments, evidence of his having done so would most unquestionably have been admissible. His having delivered the money would have been a fact of which the witness would have had knowledge from personal observation; and the words accompanying the delivery, explanatory of it, would have been verbal acts falling equally under the observation of the witness. So in like manner the reception of the letters by the witness was a fact coming under the personal observation of the witness, and the contents of the letters, in so far as explanatory of the inclosures, were verbal acts of which the letters were the best evidence. For the law as to verbal acts not falling within the hearsay rule, see 10 R. C. L. 159; 16 Cyc. 1146.
The trial court rejected plaintiff's demand. Judgment affirmed.
O’NIELL, J., dissents from the opinion that the heirs defending the suit was an acceptance of the succession, and dissents also from the opinion that one who buys from a married woman may afterwards show that he bought from the marital community, and that she acted as the agent of the community.