(125 So. 435)

No. 29761.

## IBERVILLE BANK & TRUST CO. v. ZITO et al.

Dec. 2, 1929.

Borron & Hebert, of Plaquemine, and G. T. Owen, Jr., of Baton Rouge, for appellant.

Dupont & Dupont, of Plaquemine, for appellees.

ROGERS, J. The plaintiff bank sued via ordinaria to enforce a mortgage and to obtain a personal judgment against the widow and children of the deceased mortgagor. As the basis of its latter demand, plaintiff alleged that the defendants had taken possession of,

and exercised rights of ownership over, the property of the succession, thereby tacitly accepting the marital community and the succession.

The suit was filed on February 25, 1926, and personal service was obtained on all the defendants. A preliminary default was entered on September 27, 1926, no answer having been filed, and the case was regularly assigned for October 15, 1926, for confirmation of the default. On the day fixed, all the defendants, except the surviving widow, were summoned and placed on the stand by the plaintiff for cross-examination under the provisions of Act No. 126 of 1908. After hearing the testimony, the court below rendered judgment in favor of plaintiff and against all but three of the defendants. Subsequent to the rendition of the judgment, and before it was signed, the defendants employed counsel who, on their behalf, applied for a new trial. This application was duly heard, and, over the objection of plaintiff, the trial judge annulled the judgment confirming the default and allowed the defendants to answer the suit.

In their answer, defendants admit that the deceased mortgagor had contracted the debt sued on during the existence of the marital community; that the succession of the decedent had not been opened, and that the surviving widow had attempted to cultivate the mortgaged property. They deny, however, that the other defendants had accepted or intermeddled with the succession or exercised any rights of ownership over any of the property thereof, and deny any liability for the debts of the de cujus.

Plaintiff moved for a judgment on the pleadings. The motion was heard and denied. On the trial of the case plaintiff offered its evidence with reservation of its rights under the judgment confirming the default. After the case was closed, the trial judge took it

under advisement, and in due course rendered a judgment dismissing the suit as to all the defendants, except Mrs. Vita Zito, the surviving widow, against whom he gave plaintiff judgment for one-half of the alleged debt with recognition of the mortgage apparently only to that extent. From this judgment plaintiff has appealed.

Plaintiff contends that the trial judge erred in three particulars, viz.:

(1) In setting aside the judgment confirming the default.

(2) In declining to render judgment on the face of the pleadings.

(3) In holding that plaintiff failed to show by a preponderance of the evidence that the children of the deceased mortgagor had exercised rights of ownership and performed other acts which made them liable for the debts of their father's succession.

We will dispose of these contentions in the order in which they are stated.

■ 1. There is no force in this contention. The question of granting defendants' application for a new trial was one particularly within the discretion of the court below. New trials are granted in the interest of justice, and are left very largely to the discretion of the trial judge. Nessans v. Colomes, 130 La. 375, 57 So. 1010. The court, in its sound discretion within the legal delays, may even grant a new trial ex proprio motu. Within such delays, the judge has control of the judgment, and, if he is satisfied that an error has been committed, he may, with or without a formal application on behalf of the party cast, set aside the judgment and order a new trial. State v. Blackman, 110 La. 266, 34 So. 438. The trial judge has set forth in writing his reasons for annulling the judgment on default and granting defendants a new trial. We find these reasons justify the ruling based thereon.

Counsel for plaintiff have cited a number of cases in support of their argument that the judgment confirming the default was set aside by the trial judge without legal authority. None of the cases relied on, however, is appropriate to the present issue. They are all cases in which the judgment by default had been made final by the signature of the trial judge, and the appeal was to this court to annul the judgments and order the cases tried de novo. If the judgment by default in the present case had been signed, a different case would be before the court than the one actually presented.

■ 2. Plaintiff contends that the defendants must be held personally liable because, in their answer, they do not claim the benefit of inventory nor renounce the succession of the deceased mortgagor. The question, which is submitted on the face of the pleadings, finds its answer in the decision of this court in Schreiber v. Beer's Widow and Heirs, 150 La. 676, 91 So. 149. There the suit was for the purpose of reviving a judgment against a succession and for a personal judgment against the surviving widow and heirs of the de cujus. The issue was submitted and decided on the face of the papers. The court maintained an exception of no cause of action to plaintiff's demand for a personal judgment against the widow and heirs, dismissing the suit against them individually. In doing so, the court, after reviewing a number of codal articles and its prior decisions, expressly held that a widow or an heir who has not renounced within the legal delays is not presumed to have accepted so as to be liable individually in a suit on a debt of the community or the succession, without being first sued to compel an acceptance or renunciation, that the right of an heir remains in suspense pending his decision to accept or renounce, and that, while he may be considered as an heir

for the purpose of being cited and standing in judgment in a suit against the succession or in an action to compel an acceptance or renunciation, he is not presumed, and cannot be held, liable for the debts of the succession.

Plaintiff, in addition to citing the codal articles and judicial decisions reviewed in the Schreiber Case, refers to Civ. Code, art. 1421, and Code Prac. arts. 26, 27, and 40, and the cases of Dangerfield v. Thurston, 8 Mart. (N. S.) 242, and Garlick v. Dalbey, 147 La. 18, 84 So. 441, 442.

The four codal articles referred to merely lay down the rule that a personal action lies in favor of the creditors of a succession against the heirs or those who stand in place of the heirs. The correctness of the rule was admitted in the Schreiber Case, but it was held unenforceable unless and until an heir has expressly or tacitly accepted the succession or an action has been instituted to compel him to declare whether he accepts or renounces the succession. There is therefore nothing in conflict between the codal provisions in question and the decision in the Schreiber Case. Nor is there any inconsistency between that decision and the principle enunciated in Dangerfield v. Thurston, supra. There the persons held personally liable for the debts of the succession had expressly assumed the quality of heirs in a judicial proceeding wherein they had impleaded the instituted heirs to set aside the will of the decedent.

The decision in Garlick v. Dalbey, supra, is not pertinent to the present case. In the cited case, Dalbey, the defendant, died after the trial, but before judgment. Plaintiff, by supplemental petition, asked that his nonresident children be made parties defendant through a curator ad hoc. The curator excepted on the ground that, no property being attached, no judgment could be rendered in

the case. The exception was overruled by the court of first instance. This court held, on appeal, that the ruling was erroneous, except as to one of the heirs who had voluntarily appeared, joined issue on the merits, and litigated the case. It was concerning this defendant the court stated that, since he was defending the suit in his quality as heir, he could, in the same quality, be condemned in it. "His thus appearing and defending the suit 'necessarily supposes his intention to accept.' C. C. 987." Nevertheless he was not held to any personal liability because the court dismissed plaintiff's suit. In the present case the children of the deceased mortgagor are not defending the suit against the succession in the quality of heirs. On the contrary, they admit the validity of the mortgage debt against the succession of their deceased father, and are defending the suit only in so far as it is therein sought to hold them individually liable for that debt.

3. This contention involves purely questions of fact, which the trial judge decided against the plaintiff. We have carefully examined the evidence in the record, and are unable to discover any reasonable ground upon which to disturb his decision in that respect.

Plaintiff and appellant calls attention to an apparent error in the judgment appealed from. It is uncertain whether the judgment recognizes plaintiff's mortgage for the whole or merely for one-half of the mortgage indebtedness. Plaintiff is clearly entitled to enforce his mortgage for the whole of the amount due, and the judgment in his favor should so decree. We shall accordingly amend the judgment so as to order this to be done.

For the reasons assigned, the judgment appealed from is amended so as to recognize plaintiff's special mortgage for the full amount of the mortgage indebtedness against the

mortgaged property; in all other respects, the judgment is affirmed, plaintiff and appellant to pay the costs of appeal.