16 So.2d 458

**MITCHELL, to Use of TARTT, v. LOUISI-
ANA INDUSTRIAL LIFE INS. CO., Inc.**

No. 37304.

Dec. 13, 1943.

Charles J. Mundy, of New Orleans, for relator.

Harry R. Cabral, of New Orleans, for respondents.

ODOM, Justice.

On December 2, 1930, judgment was rendered, read, and signed in the First City Court of the City of New Orleans, in favor of Edward W. Mitchell and against the Louisiana Industrial Life Insurance Company, Inc., for $280, with interest and all costs. On December 5, following, which was within the delays allowed by law, the defendant insurance company filed a motion for a new trial.

On April 27, 1938, Edward W. Mitchell, *by written instrument, assigned, sold, and* delivered the judgment to Jemima Clay Tartt for a valuable consideration, and on the following day Jemima Clay Tartt filed this written assignment in the First City Court and prayed that she be substituted as plaintiff in the case. By formal judgment the court recognized the transfer and substituted Mrs. Tartt as plaintiff.

Up to that time no action had been taken on the motion for a new trial, which had

been timely filed on December 5, 1930. But on May 3, 1938, the motion for a new trial was called up, and a hearing on the motion was fixed for May 9, 1938, and on the latter date the judge overruled the motion for a new trial. On May 13, or four days later, the judge on his own motion, in open court when counsel were not present, set aside his previous ruling refusing a new trial, and then and there ordered a new trial of the case. But no further trial of the case was ever had.

In his application for writs, counsel for relator alleged, and this is not denied, that on several occasions plaintiff, relator here, ruled the defendant to show cause why the order issued by the judge on May 13, 1938, granting a new trial, should not be set aside, and that these rules were called up for hearing and discharged by the court. It is further alleged and not denied that the plaintiff, relator here, applied to the clerk of the First City Court for the issuance of a writ of fieri facias, and that the clerk refused to issue the writ for the reason, as stated by him, that a new trial had been granted in the case. Thereupon application was made to this court for writs, which were granted.

Relator's contention is that the order issued by the judge on May 13, 1938, granting a new trial, was null, void, and of no effect for the reason that the judge was not then vested with power and authority under the law to recall and set aside, ex proprio motu, his judgment of May 9.

This contention is well founded and must be sustained. Courts may, within the time prescribed by law, ex officio direct a new trial. Code of Practice, Article 547. A party who believes himself aggrieved by the judgment given against him may, within three judicial days after such judgment has been rendered, pray for a new trial. Code of Practice, Article 558; Act No. 10 of 1926. The settled rule is that the judge may, on his own motion, set aside a judgment rendered by him within the same delays, but cannot do so later. In the case of State ex rel. Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 So. 438, 439, this court said:

"So far as granting the new trial was concerned, that might have been done, within the legal delays, by the Judge ex proprio motu. He has, within such delays, such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for new trial having been filed by the party cast, direct the judgment he has rendered set aside and a new trial ordered." (Citing Gayle v. Kemper's Heirs, 10 La. 205, 209; State v. Judge, 8 La.Ann. 89, 93; Underwood v. Lacapere, 10 La.Ann. 766; Culverhouse v. Marx, 38 La.Ann. 667.)

In the much later case of Iberville Bank & Trust Co. v. Zito, 169 La. 421, 125 So. 435, 436, this court said:

"The court, in its sound discretion within the legal delays, may even grant a new trial ex proprio motu. Within such delays, the judge has control of the judgment, and, if he is satisfied that an error has been committed, he may, with or without a formal application on behalf of the party cast, set aside the judgment and order a new trial." (Citing State ex rel.

Shreveport Cotton Oil Co. v. Blackman, Judge, supra.)

The judge and the defendant insurance company answered the rule to show cause issued by us but cited no law to the contrary.

In the instant case, the judge overruled the motion for a new trial. Four days later he set aside, ex proprio motu, his order overruling the motion for a new trial. This he had no authority to do.

Defendant in its answer alleges that after May 13, 1938, the date on which the judgment granted ex officio a new trial, no action was taken by the plaintiff to bring this case to trial; that it was never set upon the trial docket, and that plaintiff never sought "the enforcement of any trial", and that plaintiff's suit is prescribed for want of prosecution, more than five years having elapsed since May 13, 1938; and it cites Revised Civil Code, Article 3519, the second paragraph of which article, as amended by Act No. 107 of 1898, reads as follows:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The defendant's plea of abandonment has no merit. It is true that counsel for plaintiff took no steps to have the case retried within a period of five years from the date on which the judge granted ex officio a new trial. But, according to relator's allegations, he went into court on numerous occasions in an effort to have the judgment granting a new trial set aside on the ground that the judgment was null, void, and of no effect. Relator alleged that "plaintiff issued several rules to show cause why the Court's ruling in granting a new trial, as aforesaid, up to the 21st day of April, 1943, should not be recalled, set aside and annulled, all without effect, the Court in each instance discharging said rule."

In the return filed by the insurance company, it did not deny these allegations. The minutes and records of the trial court were not brought up in this proceeding and are not before us. But we find in the record what purports to be a copy of a rule signed by the respondent judge, ordering the defendant life insurance company to show cause on April 21, 1943, (which was within five years of the date on which the new trial was granted) why "the order of May 13th, 1938 granting to the defendant a new trial herein Four days After a new trial had been regularly refused by the Court, should not be set aside, avoided, annulled and why plaintiff should not have execution on her said judgment or that defendant then and there do show cause to the contrary, all in accordance with law". In its answer the defendant insurance company does not deny that such rule was in fact issued and served, and does not deny that it was discharged by the judge, as alleged by counsel for relator.

It was not encumbent upon counsel for plaintiff, relator here, to take steps to have the case retried. The judgment ordering a new trial was void and of no ef-

fect, and counsel for relator took the only steps he could reasonably be expected to take, which were steps to have the judgment set aside.

For the reasons assigned, the judgment rendered by the First City Court for the City of New Orleans on May 13, 1938, granting a new trial in this case, is annulled, avoided, and set aside; the costs of this proceeding to be paid by respondent Louisiana Industrial Life Insurance Company, Inc.