JOHNSON, Judge.
This matter is before this court on appeal by the plaintiff from a judgment of the Civil District Court for the Parish of Orleans dismissing plaintiff’s suit for workmen’s compensation, rendered March 21, 1961.
This suit was filed February 2, 1961, claiming workmen’s compensation for alleged disability resulting from an alleged accident on September 22, 1959. The defendant filed an exception of prematurity on February 21, 1961. The exception was tried on March 3, 1961. At this trial counsel for both parties were present and interrogated the one witness who testified. At the conclusion of that trial, the court said: “ * * * The plea of prematurity will be overruled and the case will be set for trial March 27, the first case Robinson v. T. Smith & Sons, Inc.” At the same time the court signed a formal judgment, as follows:
“The exception herein filed on February 21, 1961, by T. Smith & Son, came on this day for hearing.
“PRESENT: CLAUDE F. KAM-MER, attorney for plaintiff.
PHILIP J. FOTO, attorney for exceptor
“When, after hearing the pleadings, and argument of counsel, and for the reasons orally assigned.
“IT IS ORDERED that the exception of prematurity be overruled and 15 days allowed to answer.
“JUDGMENT, RENDERED AND SIGNED IN OPEN COURT ON MARCH 3, 1961.”
Nothing further was done in the case until J&arch 20, 1961, when the trial judge signed a formal order for a new trial entitled “ORDER EX PROPRIO MOTU,” which reads as follows:
“IT IS ORDERED by the Court ex-proprio motu, that the New Trial be granted on the exception of prematurity in this matter, for the purpose of hearing additional evidence, at 9:15 A.M. on Tuesday, March 21, 1961.”
On March 21, 1961, the new trial on the exception was held. The last entry in the *479 transcript at the conclusion of that trial is as follows:
“BY COURT:
“By the Court. Under the technical facts and circumstances of this case, as shown by the evidence, it is my opinion that the plea of prematurity should be sustained. I will sustain the plea and tax all cost against the defendant. I order the defendant to continue all payments. As I see it, he has already sent the checks to Mr. Kammer that are due in the matter, and the Court will, in its judgment, order that if the checks are cashed that it will not serve as an estoppel against the claimant, if he sees fit to take an appeal from this judgment.”
On the same occasion, in open court, the judge signed the following formal judgment:
“The new trial on the exception of prematurity came on this day for hearing.
“PRESENT: CLAUDE F. KAM-MER, attorney for plaintiff.
PHILIP J. FOTO, attorney for exceptor.
“When, after hearing the pleadings, evidence and argument of counsel, and for the reasons orally assigned:
“IT IS ORDERED that the exception of prematurity be maintained, and plaintiff’s suit dismissed all costs to be paid by defendant.
“IT IS FURTHER ORDERED that the endorsement and cashing of any compensation checks or drafts will in no way affect, and the plaintiff does reserve all of his rights as alleged in his petition, including his rights on appeal in this matter.
“JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT ON MARCH 21, 1961.”
Inasmuch as we have decided that the trial court had no authority to grant a new trial of the exception on the court’s own motion 17 days after its judgment overruling the exception of March 3, 1961, and that the final judgment dismissing the suit is invalid, it is not necessary to discuss the evidence heard at the two trials of the exception.
The judgment of March 3, 1961, overruling the exception was an interlocutory order. Defendant had no right to appeal from it.
Articles 1971 and 1974 of the LSA-Code of Civil Procedure provide that:
“Art. 1971.
“A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.”
“Art. 1974.
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Article 1913 deals only with regard to final judgments, and does not require notice of the rendition of interlocutory judgments.
Article 1914 requires that a notice of the rendition of an interlocutory judgment be sent to the party making written request for such notice. There is no showing that any such request was made in this case. Counsel for defendants here contends that the 3 days delay for applying for or granting a new trial had not commenced to run because no notice of the judgment overruling the exception on March 3, 1961, was mailed to *480 the exceptor. In the first place, the defendant was not entitled to such notice in the absence of prior written request that one be sent. In addition to that, the matter was not taken under advisement by the court and counsel was present in open court when the judgment was rendered and signed. In the second place, there is nothing in the record on this subject, and if the law required notice in these circumstances, the presumption would be that the law was complied with by the proper official. At any rate, the court could not accept counsel’s statement that there was no notice because the statement is entirely dehors the record.
Therefore, the trial court could have granted a new trial ex proprio motu within three days from March 3, 1961, exclusive of holidays. March 3, 1961, fell on Friday. The court had until March 8 in which to •grant a new trial, but not later. Mitchell, to use of Tartt v. Louisiana Industrial Life Ins. Co., 204 La. 855, 16 So.2d 458; State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 268, 34 So. 438; Gale v. Kemper’s Heirs, 10 La. 205; Underwood v. Lacapere, 10 La.Ann. 766; Culverhouse v. Marx, 38 La.Ann. 667; Iberville Bank & Trust Co. v. Zito, 169 La. 421, 125 So. 435.
It is true that this jurisprudence was established many years ago, before the adoption of the present Code of Civil Procedure. We could find nothing in this Code to make •the cited authorities inapplicable.
It is, therefore, ordered that the order ■of the trial court of March 20, 1961, granting a new trial of defendant’s exception of prematurity is recalled and set aside, the judgment of March 21, 1961, maintaining the exception is reversed, the judgment of March 3, 1961, overruling the exception is reinstated, and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to 'law.
The defendants shall pay costs of this •appeal.
Reversed and remanded.