CHRIS T. BARNETTE, Judge pro tern.
In response to alternative writs of mandamus and certiorari issued by this Court, the respondent judge of the Twenty-fifth Judicial District Court in and for the Parish of Plaquemines made timely answer and the record is now before us for review.
While the proceedings complained of were pending in the court below, on March 25, 1965, the defendant filed a motion for devolutive appeal to this Court and an order was signed accordingly. Appeal bond was filed April 6, and the return day on the appeal was extended from May 17 to July 15. The appeal, therefore, is not now before us. The only issue to be decided is the legality of the proceedings in the court below in granting a new trial and setting aside its judgment entered on confirmation of default, December 30, 1964. We will not concern ourselves with the merits of the case nor plea of prescription until the case reaches us on appeal.
The chronology of the proceeding should first be stated, since the timeliness of the matters complained of is the real issue in the case before us at this time.
On November 24, 1964, plaintiff, relator, filed suit against the defendant for $1,500.10 on open account. Personal service of citation was made on defendant on December 2. On December 21, a preliminary default was entered and on December 30, 1964, default was confirmed and judgment entered as prayed for, read, signed, and filed in open court.
January 6, 1965, no motion for new trial having been filed, plaintiff filed motion, and order was signed, for rule to examine the judgment debtor on February 4. On February 8, a writ of fieri facias was issued and defendant’s Cadillac automobile was seized on February 12.
March 8, defendant filed a petition for an injunction to arrest the sale of his Cadillac and prayed for a “rehearing on the original law suit”. The only basis for the injunction was merely the allegation that he “owed nothing to the petitioner on any account, open or otherwise [and]; that irreparable injury will result if an injunction is not granted”. A temporary *622 restraining order was issued/ and a rule nisi for hearing on preliminary injunction was set for March 18.
March’ IS, plaintiff filed an exception of no cause or right of action to the petition for injunction contending that the judgment was final and that defendant’s only remedy was an action for nullity or appeal, neither of which had been sought. ■
March 18, defendant filed an answer to plaintiff’s original petition denying the indebtedness and the account sued on. On the same day a hearing was had pursuant to the order of March 8. At the outset of that hearing, the following statements were recorded before any testimony was taken:
“MR. DEFLEY: [Attorney for defendant]
“Let the record show that the questioning will be directed to the question of whether or not prescription has run as to an open account.
“MR. FREEMAN: [Attorney for plaintiff]
“I would like the record to show that I am making a blanket objection to any and all questions and/or evidence which will have to do with the merits -or the issues, of the lawsuit in which judgment was already rendered and signed.
“THE COURT:
“This testimony is being taken for the purpose of showing whether or not the writ of injunction should be granted and also the question of whether or not the Court should grant a new trial, is that correct?
“MR. FREEMAN:
“Since we were talking earlier off the record I would like to make a further objection to any testimony or other evidence respective to a motion for a new trial on the basis of the pleading which I have filed
wherein I state that the motion for a new trial has not been timely filed.
“THE COURT:
“The Court will pass upon your exception but the Court will permit the testimony subject to your objection, taking into consideration your reservation and we will reserve your rights.”
The foregoing references to “prescription” and “new trial” are the first mention of same in the proceeding. No exception, motion or plea for either had been filed, except the defendant had, as above stated, prayed for a “rehearing on the original law suit” in his petition for injunction filed March 8.
The defendant, Willis, the only witness called, testified on matters relating to the merits of the case and the question of prescription, at the conclusion of which the court ordered a new trial set for April 8, and granted a preliminary injunction arresting the sale of the automobile. Judgment was read, signed, and filed accordingly on the same day.
On March 25, defendant filed petition and obtained an order for a devolutive appeal. Appeal bond was filed on April 6.
On April 8, defendant filed an exception of prescription and on the same day a judgment was rendered, read, signed, and filed in open court sustaining the exception of prescription; dismissing plaintiff’s suit; recalling the writ of fieri facias and ordering the Sheriff to release defendant’s automobile from seizure.
The plaintiff applied for and obtained writs from this Court ordering the respondent judge to “either forthwith recall and set aside the judgment dated March 18, 1965 granting a new trial and the judgment resulting therefrom dated April 8, 1965 and * * 1 * reinstate the original judgment of December 30, 1964 or show cause” to the contrary on June 7, 1965. 'It *623 was further ordered that in the event he failed to do as above ordered, that a writ of certiorari issue to transmit the record to this Court on or before June 4, 1965. The record and the respondent judge’s answer were filed on that date and the case argued and submitted on the foregoing issues on June 7. On June 10, defendant Willis filed an exception of prescription in this Court.
The judgment against defendant Willis by confirmation of default on December 30, 1964, appears on the face of the proceedings to have been duly and timely entered. The defendant had been served personally with citation and was not, therefore, entitled to notice of judgment. LSA-C.C.P. art. 1913, as amended by Act 23 of 1961. The delay of three days, exclusive of legal holidays, for applying for a new trial began to run the day after judgment was signed. LSA-C.C.P. art. 1974, as amended by Act 23 of 1961. December 30, 1964, was Wednesday. Counting Friday (January 1, New Year’s Day), and Saturday and Sunday (January 2 and 3), as legal holidays, the three days for applying for a new trial were December 31, 1964, and January 4 and 5, 1965. The defendant made no appearance, filed no answer, motions, or petitions until March 8, 1965, after having been ruled for examination as judgment debtor and after a writ of fieri facias had issued and his automobile seized.
From the answer of the respondent judge and oral argument and brief on behalf of defendant Willis, it seems to be conceded that the defendant was bound by the three-day delay and could not thereafter “apply” for a new trial. The respondent judge, however, takes the position that the delay of three days does not apply to the granting of a new trial by the court on its own motion, within its discretion, or at least, the section on New Trial in the Code of Civil Procedure is not clear on this point which justified his resort to the equity article (21) of the Civil Code. Counsel for defendant further argues that the trial judge has until the expiration of the delay for granting a devolutive appeal within which to do so. There is no merit in either of these contentions. The latter argument would lead to an absurdity. Judgments must have finality at some definite time and cannot remain in suspension for a long time subject to the whim or caprice of the trial judge.
In support of his argument defendant’s counsel has cited, among other cases, Renz v. Texas & Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir. 1962), where timely application for a new trial was made and in which the Court said:
“ * * * The trial court has virtually unlimited discretion to order a new trial, even on its own motion, when it is convinced that a miscarriage of justice has resulted. See LSA-C.C.P. Arts. 1971, 1973. * * * ”
This obviously refers to the reasons for granting a new trial and not the timeliness of the application or ex proprio motu order.
The articles of the Code of Civil Procedure in the section on New Trial (Articles 1971-1979) clarify, without change of substance, the earlier articles of the Code of Practice on the subject. (See C.P. arts. 557-563.)
Counsel for defendant argues that C.P. art. 558 is the source authority of LSA-C.C.P. art. 1973 and that the latter omits the three-day limitation imposed by C.P. art. 558, hence the Legislature, he argues, must be assumed to have intended to remove the limitation of time during which the court could grant new trial on its own motion. It is contended that LSA-C.C.P. art. 1974 is new, having no source article in the Code of Practice, and that the three-day limitation it imposes relates only to “applying” for a new trial. This contention is without merit. Articles 1973 and 1974 of the Code of Civil Procedure together are a rewriting of C.P. art. 558 which was divided into two articles in the new Code for reasons of clarity, particu-- *624 larly as "to tlie time when the three days begin to run. •
Mitchell, to Use of Tartt v. Louisiana Industrial Life Ins. Co., 204 La. 855, 16 So. 2d 458 (1943), decided under the articles of the Code of Practice, squarely held that the trial judge may grant a new trial ex proprio motu within three judicial days, “but cannot do so later”, citing State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 34 So. 438 (1903), which in turn had cited Gale v. Kemper’s Heirs, 10 La. 205 (1836); State v. Judge of Third Judicial District Court, 8 La.Ann. 89 (1853); Underwood v. Lacapere, 10 La. Ann. 766 (1855); and Culverhouse v. Marx, 38 La.Ann. 667 (1886). See also Iberville Bank & Trust Co. v. Zito, 169 La. 421, 125 So. 435 (1929).
In Robinson v. T. Smith & Son, Inc., 148 So.2d 477 (La.App. 4th Cir. 1963), we had occasion to reaffirm the foregoing jurisprudence and said:
"It is true that this jurisprudence was established many years ago, before the adoption of the present Code of Civil Procedure. We could find nothing in this Code to malee the cited authorities inapplicable.”
Our reexamination of the codal articles in question confirms this opinion.
The trial judge had no authority to grant a new trial on March 18, 1965, and his judgment to that effect and the judgment resulting therefrom, dated April 8, 1965, recalling and setting aside the judgment of December 30, 1964, was null and void; and the judgment of December 30, 1964, must be reinstated.
Whatever lights the defendant may have to a reversal of the judgment of December 30, 1964, on the merits or the plea of prescription, will be considered if and when the case reaches us on appeal.
It is therefore ordered and decreed that the judgment of March 18, 1965, granting a new trial and enjoining the Sheriff of Plaquemines Parish and arresting the sale of defendant’s automobile, is null and void. It is further ordered and decreed that the judgment of April 8, 1965, maintaining exception of prescription and dismissing plaintiff’s suit, recalling writ of fieri facias and ordering the Sheriff of Plaquemines Parish to release defendant’s automobile, is null and void. It is further ordered and decreed that the judgment of December 30, 1964, in favor of plaintiff, T. R. Langston, d/b/a Langston Shopping Center, and against defendant, Borden Willis, in the full sum of $1,500.10 with legal interest from August 25, 1961, and all costs be reinstated, subject to the right of defendant to appeal according to law.
Judgments annulled and set aside; original judgment reinstated.