MOTION TO DISMISS
GUIDRY, Judge.
This is an appeal of a judgment rendered notwithstanding the verdict in a possessory action. Notice of judgment was mailed on October 4, 1982 and the District Court granted a “devolutive appeal from the Judgment Notwithstanding the Verdict” by order on November 24, 1982.
Article 3662 of the Code of Civil Procedure provides in part:
“A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(1) — (S).”
*882 In accordance with the above article this Court ordered the appellant to show cause why the appeal should not be dismissed as being untimely perfected.
The appellant concedes that the appeal was not perfected within the thirty day period required by C.C.P. Article 3662, but argues that this appeal is governed by the delay provided by C.C.P. Article 2087 (60 days).
The appellant contends that the District Court was not empowered to render a judgment notwithstanding the verdict, and that the 60 day delay is applicable to a judgment rendered beyond the authority of the district court. This argument is without merit. This is a possessory action, and both the verdict rendered by the jury and the judgment rendered by the trial court are posses-sory in nature. Thus, the appeal period is governed by C.C.P. Article 3662. Since the appeal was not taken within the 30 day delay allowed by C.C.P. Article 3662, the appeal was not taken timely and is hereby dismissed. Polite v. Newman, 396 So.2d 409 (La.App. 1st Cir.1981). Blankenstein v. Maynard, 288 So.2d 93 (La.App. 4th Cir. 1974).
For the reasons assigned, the defendant’s Motion to Dismiss the appeal of the plaintiff-appellant is hereby granted, all costs of the appeal to be borne by the plaintiff-appellant.
APPEAL DISMISSED.