FORET, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Gahagan Land & Timber Co., Inc., moves to dismiss the appeal of the defendants-appellants, James Weeks and Charlotte Berry Weeks, as not being timely filed. We dismiss the appeal.
This is a possessory action in which Ga-hagan alleges its possession was disturbed by the filing of a deed relating to its property by the Weeks. Judgment was rendered in favor of Gahagan recognizing its right to possession of the subject property. The judgment was signed on May 17, 1983 and notice of judgment was mailed on May 18, 1983. The defendants filed no application for a new trial nor did the trial court grant a new trial to defendants ex proprio motu. The delay for the filing of an application for a new trial and/or the granting of a new trial by the trial court ex proprio motu expired on May 27, 1983. LSA-C. C.P. Article 1974; Mitchell v. Louisiana Industrial Life Ins. Co., 204 La. 855, 16 So.2d 458 (1943). On June 2, 1983, the trial court granted the Weeks’ motion to include certain deeds in the record. In granting the motion, the trial court stated:
“On motion of defendant and on suggesting to the court that it has previously indicated that it would grant a new trial or rehearing for the purpose of including exhibits which were through inadvertence left out of the record, and on further suggesting that the plaintiff by letter to the court has indicated that it would have no opposition thereto, the law being in favor thereof,
IT IS ORDERED that the timber deeds from Gibbs to Slaughter be filed in the record of this case.”
Subsequently, the trial court granted a de-volutive appeal on July 15, 1983.
Article 3662 of the Code of Civil Procedure provides in part:
“A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(1)-(3).”
In accordance with the above article this Court ordered the Weeks to show cause why the appeal should not be dismissed as being untimely perfected.
The Weeks contend that the running of the appeal delays were held in abeyance until such time as the trial court allowed the record to be supplemented. This argument is without merit. This is a possesso-ry action. Thus, the running of the appeal *868 delays is governed by C.C.P. Article 3662. Under Article 3662, commencement of the appeal delays are governed by Article 2087(l)-(3). LSA-C.C.P. Article 2087(1)-(3) provides as follows:
“(1) The expiration of the delays for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914: or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
As afore stated the Weeks did not file an application for a new trial nor was one granted ex proprio motu within the statutory delays.[1] Therefore, the thirty day delay began to run seven (7) days, exclusive of legal holidays after the mailing of the notice on May 18, 1983. LSA-C.C.P. Art. 1974. Since the appeal was not taken within the 30 days delay allowed by the C.C.P. Article 3662, the appeal was not taken timely and is hereby dismissed. Patin v. Dow Chemical Co., 429 So.2d 881 (La.App. 3rd Cir.1983).
For the reasons assigned, the plaintiff-appellee’s, Gahagan Land & Timber Co., Inc., motion to dismiss is hereby granted. All costs of the appeal are assessed against defendants-appellants, James Weeks and Charlotte Berry Weeks.
APPEAL DISMISSED.

. The trial court’s order of June 2, 1983, allowing supplementation of the record cannot be considered a grant of a new trial ex proprio motu as the order was issued after the applicable delays provided for by LSA-C.C.P. Article 1974. We view the order of June 2, 1983, simply as a stipulation between parties with an accompanying order authorizing supplementation. of the record.