WATKINS, Judge.
A writ of certiorari was issued to the 22nd Judicial District Court in this personal injury-wrongful death action to consider alleged procedural error of the trial court in granting a new trial as an alternative to a *79 judgment notwithstanding the verdict (JNOV).
ACTION IN THE TRIAL COURT
Cecil L. Stuart and the survivors of the decedent Gloria Peterson Stuart originally filed suit against several defendants seeking damages for Mr. Stuart’s personal injuries and for the wrongful death of Mrs. Stuart.
However, by the time the matter went to trial before a 12-person jury, there remained only one defendant, Cooper Tire and Rubber Company (Cooper). The jury returned a verdict for Cooper. Judgment on the jury verdict was signed on July 26, 1988, dismissing plaintiffs’ suit. On the same day as the signing of the judgment, plaintiffs filed a motion for a JNOV. They did not move for a new trial.
After briefs were filed and arguments made on the JNOV, the trial court took the matter under advisement. Thereafter, the trial judge on his own motion ruled both parties into court to show cause why a new trial should not be granted instead of the JNOV. The order granting a new trial and denying the JNOV was rendered and signed on November 7, 1988.
The defendant Cooper applied for writs, alleging the error of the trial judge in granting, a new trial sua sponte after the delays expired for the plaintiffs to apply for a new trial.
After a careful examination of the relevant articles of the Louisiana Code of Civil Procedure, we can find no statutory support for the procedure utilized by the trial court. Nor do we find support in either the Louisiana or the federal jurisprudence.
LSA-C.C.P. art. 1971 states:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
LSA-C.C.P. art. 1974 states:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Article 1971 is a codification of the jurisprudence authorizing the court to grant a new trial on its own motion. See Mitchell, to Use of Tartt v. Louisiana Industrial Life Ins. Co., 204 La. 855, 16 So.2d 458 (1943). In Mitchell the Louisiana Supreme Court set aside an order granting a new trial, noting that the trial court was without authority to set aside a judgment and render a new trial on its own motion unless such an action was taken within the delays allowed by law for the parties to move for a new trial. We see no reason in the instant case to depart from the well-settled rule.
Although the plaintiffs in the instant case had pending a motion for JNOV at the time the trial judge granted the new trial, we find nothing in the articles pertaining to the JNOV which would affect the time restraints previously mentioned. LSA-C.C. P. art. 1811 does provide that a motion for a new trial may be joined with the motion for JNOV, or that a new trial may be prayed for in the alternative to a JNOV. However, the plaintiffs’ motion herein was solely for JNOV and not for a new trial.
Our conclusion concerning the JNOV is buttressed by the federal jurisprudence. In Goldsmith v. Diamond Shamrock Corp., 767 F.2d 411 (8th Cir.1985), the district court believed that the moving party was not entitled to JNOV; however, the court lacked the power to grant a new trial sua sponte unless granted within the time constraints of the Federal Rules of Civil Procedure for the filing of a motion for new trial.
Our decision leaves the plaintiffs with a denial of the JNOV which is an *80 appealable judgment, along with the reinstated judgment on the merits. Plaintiffs’ delays for appeal have not expired.
We acknowledge the jurisprudence which holds that delays for appeal are not interrupted by applications for writs. See Jones v. Jones, 393 So.2d 281 (La.App. 1st Cir.1980); Guillory v. Hartford Ins. Co., 383 So.2d 144 (La.App. 3d Cir.1980). However, those cases involved denials of writs, not grants of writs, to parties who had lost on the merits and who had the judgments against them become final absent timely applications for appeal. We were without jurisdiction over the untimely appeals.
On the other hand, this case involved the granting of a writ, not the denial of a writ, to the party (defendant) who won on the merits and who would have had the judgment in its favor become final except for the trial court’s intervening act of ordering a new trial.
The posture of this case on writs is unusual. Following judgment on the merits in favor of defendant, plaintiffs interrupted the delays for appeal by filing a timely motion for JNOY. During the time between the denial of JNOV and the granting of the writ, the plaintiffs had no judgment to appeal; judgment on the merits against them was suspended by the order for a new trial.
The defendant chose to take its chances with a writ application. The worst that could happen from the defendant’s standpoint was that the writ would be denied and the parties would be bound by the judgment ordering the new trial. The best that could happen from the defendant’s standpoint — and did — was that we would grant the writ and vacate the judgment of the trial court ordering the new trial, thus reinstating the judgment in defendant’s favor on the merits.
Now the plaintiffs have a judgment to appeal from, which they lacked during the interim between the trial court’s grant of a new trial and the rendition of this opinion. We know of nothing in the law which prevents the date of our reinstatement of the judgment on the merits from becoming the beginning date of plaintiffs’ delays for appeal.
Our discussion of the time limits for appeal was prompted, in part, by the unusual request of the plaintiffs: that we exercise our plenary jurisdiction to decide the merits of the case which is before us on a writ, as if it were up on appeal. Plaintiffs claim this would foster judicial economy.[1]
It is obvious that neither party to this action is anxious to delay resolution of this matter. Nevertheless, we cannot allow parties thus to disrupt this Court’s calendar. We granted this writ on January 6, 1989, and the case was placed on the docket for March 1989. We note that on the same docket is a case wherein the petition and order for appeal were filed January 4,1988. If we allowed parties to convert writs into appeals at will, we would open the gates to a flood of maneuvers aimed at avoiding the normal delays of the appellate process.
None of the cases cited by plaintiffs in support of their request authorizes this court to convert a writ into an appeal. It is true that when an appellate court has all the facts before it, it should render judgment on the merits instead of remanding the case. See Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975); Builliard v. New Orleans Terminal Co., 185 La. 924, 171 So. 78 (1936); Mara v. Mara, 452 So.2d 329 (La.App. 4th Cir.1984); Riddle v. Menard, 355 So.2d 1350 (La.App. 3d Cir.), writ denied, 359 So.2d 627 (La.1978); Baker v. D.H. Holmes Co., Ltd., 285 So.2d 282 (La. App. 4th Cir.1973); Sumrall v. Trosclair, 270 So.2d 921 (La.App. 4th Cir.1972). However, those cases arrived in-the appellate courts on appeal, not on writs. Additionally, the appellate court should decide the merits of the application for supervisory writs to avoid a useless future trial on the merits. See Herlitz Const. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d *81 878 (La.1981); Shillingford v. Holmes, 426 So.2d 715 (La.App. 4th Cir.1983); Jones v. MFA Mut. Ins. Co., 398 So.2d 10 (La.App. 3d Cir.), writ denied, 399 So.2d 586 (La.1981); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978). However, those cases arrived in the appellate courts on writs prior to trial on the merits; thus, the mandate to avoid unnecessary future trials.
Since the denial of the JNOV is an ap-pealable judgment, that portion of the trial court’s order of November 7, 1988, is unaffected by our ruling on the writ. Accordingly, we order the trial court to vacate only that portion of its order of November 7, 1988, which granted a new trial. Costs of this application are assessed against the plaintiffs.
WRIT GRANTED.

. Plaintiffs assert that we will be reviewing the entire record in order to rule on the writ application. However, since resolution of the issue hinged on the error in procedure by the trial court, and not the substantive issue of the propriety of granting a new trial, extensive review of the record was not necessary.